**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KERRY LOY and FRANK BLUMEYER, JR., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:19-CV-00184 JAR |
| | ) |
| BMW OF NORTH AMERICA, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant BMW of North America, LLC ("BMW")'s Motion to Dismiss Plaintiffs' Complaint (Doc. No. 41) and Motion to Reconsider pursuant to Fed. R. Civ. P. 59(e) (Doc. No. 42). The motions are fully briefed and ready for disposition.[1] BMW has requested oral argument. Finding that the issues have been extensively briefed and that oral argument would not assist the Court, the request is denied.

**Background**

The background of this case is set out in detail in the Court's November 22, 2019 Order and incorporated by reference herein. (Doc. No. 31). Briefly, Plaintiffs Loy and Blumeyer each purchased BMW vehicles from BMW authorized dealers between 2012 and 2013. The general nature of their claims was that their vehicles' N63 engine had a defect that caused it to burn an excessive amount of engine oil and that BMW was aware of this defect, failed to disclose it, and failed to repair it as required by warranty. BMW initially sought dismissal for lack of subject matter jurisdiction, arguing that Plaintiffs' claims did not meet the $50,000 amount in controversy

---

[1] With leave of court, BMW filed a notice of supplemental authority in support of its motion to reconsider on August 14, 2020. (Doc. No. 52).

1

requirement under the Magnuson-Moss Warranty Act ("MMWA"). (Doc. No. 15). This Court denied BMW's motion, concluding that it could not determine "to a legal certainty" that Plaintiffs' claims fell below the $50,000 jurisdictional amount under the MMWA. (Doc. No. 31). BMW now seeks dismissal of Plaintiffs' claims as time-barred based on the applicable statute of limitations as well as reconsideration of certain aspects of the Court's November 22 order.

**Motion to dismiss**

When considering a Rule 12(b)(6) motion based on the running of a statute of limitations, the Court may only grant the motion if it is clear from the face of the complaint that the cause of action is time-barred. Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 367 (8th Cir. 2011); Jessie v. Potter, 516 F.3d 709, 713 n.2 (8th Cir. 2008). Under Missouri law, a warranty action must be brought within four years of the date of delivery of the product unless the product was sold with a warranty for future performance, in which case, "the statute of limitations begins to run from the date on which the defect was or should have been discovered." Owen v. Gen. Motors Corp., 533 F.3d 913, 918–19 (8th Cir. 2008) (citing Mo. Rev. Stat. § 400.2-725(1), (2) (2000)); see also May v. AC & S, Inc., 812 F. Supp. 934, 944 (E.D. Mo. 1993). However, the discovery rule does not extend the life of an express warranty beyond its terms. At the latest, the cause of action begins to accrue on the date when the express warranty expires. Owen, 533 F.3d at 918-19.

The Missouri Merchandising Practices Act (MMPA) contains no special statute of limitations, so the five-year statute of limitations in § 516.120 applies to civil actions brought under § 407.025(1). Huffman v. Credit Union of Texas, 758 F.3d 963, 967 (8th Cir. 2014) (citing Ullrich v. CADCO, Inc., 244 S.W.3d 772, 778 n. 3 (Mo. Ct. App. 2008)); Owen, 533 F.3d at 921 n. 6.

The MMWA does not contain a statute of limitations. Thus, federal courts adjudicating MMWA claims apply the limitations period applicable to state law breach of warranty claims.

2

North Star Steel Co. v. Thomas, 515 U.S. 29, 33-34 (1995) (When a federal act lacks a statute of limitations, courts first look to an analogous state statute to find the appropriate statute of limitation.); see also Pollard v. Remington Arms Co., LLC, No. 13-0086-CV-W-ODS, 2013 WL 3039797, at *6 (W.D. Mo. June 17, 2013) (applying four-year statute of limitations applicable under Missouri law claims for breach of warranty to MMWA claims); Ferro v. Volvo Penta of the Americas, LLC, 731 F. App'x 208, 210 (4th Cir. 2018) (applying North Carolina law); Carroll v. BMW of N. Am., LLC, No. 1:19-cv-000224-JMS-TAB, 2019 WL 4243153, at *7 (D. Ind. Sept. 6, 2019) (applying Indiana law).

BMW argues that the limitations period on Plaintiffs' warranty claims began to run when tender of delivery was made. Loy purchased his pre-owned 2011 BMW 550i on June 27, 2013. Blumeyer purchased his 2013 BMW 750Li on October 9, 2012. Because Plaintiffs did not file their complaint until February 6, 2019 – six years and four months after Blumeyer purchased his vehicle and five years and eight months after Loy purchased his – BMW contends that their breach of warranty claims are time-barred.

In response, Plaintiffs assert that their breach of warranty claims did not accrue when they purchased their cars but rather when they brought their cars to BMW's authorized dealerships for repair and were told that the oil consumption was "normal" and not the product of a defect requiring repair. Likewise, their MMPA claims could not have accrued at the time of sale because they are based on BMW's representations, made after the date of purchase. Plaintiffs also argue they are entitled to tolling of the statute of limitations based on fraudulent concealment and the class action tolling doctrine.[2] In their complaint, Plaintiffs actually identify four bases for tolling

---

[2] On September 18, 2015, a nationwide class action was filed against BMW in the District of New Jersey for BMW's alleged failure to repair vehicles equipped with defective N63 engines. See Bang v. BMW of N. Am. LLC, No. CV 15-6945 (D.N.J.). The action was settled on September 11, 2018.

3

the statutes of limitations: fraudulent concealment (Complaint ("Compl."), Doc. No. 1 at ¶¶ 67-75); the discovery rule (id. at ¶¶ 76-78); estoppel (id. at ¶¶ 79-81); and class action tolling (id. at ¶ 82). Because the first three tolling arguments can be satisfied by a common premise, i.e., that BMW took steps to conceal the oil consumption defect from Plaintiffs, which then interfered with their ability to learn that BMW had injured them, see Schneider v. BMW of N. Am., LLC, No. 18-cv-12239-IT, 2019 WL 4771567, at *7 (D. Mass. Sept. 27, 2019), the Court has addressed them together in its discussion of fraudulent concealment tolling.

In support of its motion to dismiss, BMW first argues that the limitations period cannot be tolled on the basis of fraudulent concealment because Plaintiffs have not alleged any affirmative statement on the part of BMW. Instead, Plaintiffs allege BMW knew certain information that it failed to disclose, which does not constitute fraudulent concealment in the absence of a "duty to speak." In addition, BMW contends it is clear from Plaintiffs' allegations that the information they needed to discover was publicly available at the time of purchase. Second, BMW argues that class action tolling does not apply because the purported class in the Bang class action was not denied certification, citing China Agritech, Inc. v. Resh, 138 S. Ct. 1800, 1806 (2019).

To establish fraudulent concealment and toll the applicable statutes of limitations, "[t]he concealment must be fraudulent or intentional and, ... there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action." Pollard, 2013 WL 3039797, at *7 (quoting Owen, 533 F.3d at 919-20). The fraudulent concealment "must be something more than mere silence on defendant's part ...; usually the employment of some means or device to prevent discovery should be shown." Id. (quoting Gilliam v. Gohn, 303 S.W.2d 101, 107 (Mo. 1957)). Silence becomes misrepresentation only when there is a duty to speak, such as "when one of the parties has superior knowledge or information not within the fair and

4

reasonable reach of the other party." Id. (quoting Bohac v. Walsh, 223 S.W.3d 858, 864 (Mo. Ct. App. 2007)). The question of whether the statute of limitations is tolled due to fraudulent concealment is generally a question of fact not suitable for dismissal at the pleading stage. Grover v. BMW of N. Am., LLC, 434 F. Supp. 3d 617, 632 (N.D. Ohio. Jan. 21, 2020).

Here, Plaintiffs allege that BMW knew there was an oil consumption defect with the subject vehicles' respective engines at the time of sale; had a duty to disclose the defect and warn them of the danger it might cause; and knowingly, affirmatively, and actively concealed it from them, while BMW's authorized dealers represented that the vehicles were not defective at all. Like other federal district courts have found in similar cases, the Court finds that when viewed in the light most favorable to Plaintiffs, these allegations plausibly suggest that the statute of limitations may have been tolled by BMW's concealment. See, Llort v. BMW of N. Am., LLC, No. 1:20-CV-94-LY, 2020 WL 2928472, at *10 (W.D. Tx. June 2, 2020); Hurley v. BMW of N. Am., LLC, No. 18-5320, 2020 WL 1624861, at *8 (E.D. Pa. Apr. 2, 2020); Mize v. BMW of N. Am., LLC, 2:10-CV-007-Z-BR, 2020 WL 1526909, at *7 (N.D. Tx. Mar. 31, 2020); Nyarko v. BMW of N. Am., LLC, No. RDB-18-3618, 2020 WL 1491361, at *9 (D. Md. Mar. 27, 2020); O'Connor v. BMW of N. Am., LLC, No. 18-cv-03190-CMA-STV, 2020 WL 1303285, at *4 (D. Colo. Mar. 19, 2020); Grover, 434 F. Supp. 3d at 632-33; Schneider, 2019 WL 4771567, at *7; Carroll, 2019 WL 4243153, at *8.

In addition, the Court finds Plaintiffs have adequately pled their entitlement to class action tolling. The filing of a proposed class action immediately suspends the applicable statute of limitations for all class members. Collins v. Vill. Of Palatine, Ill., 875 F.3d 839, 843 (7th Cir. 2017) (citing Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974) and Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983)). When a class member opts out of a certified class, the clock

resumes running on his claim. Id. BMW's argument that class action tolling does not apply to Plaintiffs in this action based on the Supreme Court's holding in China Agritech, 138 S. Ct. 1806, is unavailing because China Agritech addresses tolling for subsequent class actions but does not change automatic tolling for subsequent individual actions such as this one. See Schneider, 2019 WL 4771567, at *7.

Plaintiffs' complaint does not contain sufficient information for the Court to determine at this stage whether their claims are barred by the applicable statute of limitations or whether the limitations period was tolled. Therefore, BMW's motion to dismiss will be denied.

**Motion to reconsider**

As an initial matter, the Court notes that BMW's motion to reconsider pursuant to Rule 59(e) is not directed to a final judgment, as defined by Rule 54(a), but rather to a non-final order. By its terms, only Rule 60(b) encompasses a motion filed in response to an order. See Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). For this reason, the Court will construe BMW's motion as a Rule 60(b) motion, which permits relief from an order due to, among other things, mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; or any other reason that justifies relief. Fed. R. Civ. P. 60(b); see also Elder–Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) ("[W]e have determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.' ").

Relief under "Rule 60(b) is an "extraordinary remedy" that is "justified only under 'exceptional circumstances.'" Prudential Ins. Co. of Am. v. Natl. Park Med. Ctr., Inc., 413 F.3d 897, 903 (8th Cir. 2005) (quoting Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir.1999)). Further, "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the

moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005). The Rule 60(b)(6) catch-all provision is not a vehicle for setting forth arguments that were made or could have been made earlier in the proceedings. See Broadway, 193 F.3d at 989-90.

BMW makes three arguments in favor of reconsideration of the Court's November 22 order. First, under Mishra v. Coleman Motors, LLC, No. 4:16CV01553 PLC, 2017 WL 994868, at *3 (E.D. Mo. Mar. 15, 2017), punitive damages cannot be considered as part of the amount in controversy because such damages are only available where there is an independent tort, and non-MMWA claims cannot be considered in determining jurisdiction. Second, contrary to the decision in Schultz v. General R.V. Center, 512 F.3d 754 (6th Cir. 2008), BMW asserts that it did in fact take "diminished value from the alleged oil consumption defect" into account in its jurisdictional calculations. Third, the "offset for usage" factor should not be read out of the Schimmer[3] test. In opposition, Plaintiffs argue that BMW has not identified any new evidence, intervening change in the law or any manifest error in the Court's decision and instead seeks to "rehash" the same arguments it asserted in support of its motion to dismiss.

With respect to BMW's first argument, a federal district court has jurisdiction over MMWA claims only "if the amount in controversy is [not] less than $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in the suit." 15 U.S.C. §§ 2310(d)(1)(B), 2310(d)(3)(B). The statutory reference to "all claims" does not allow consideration of the amount of damages requested for any non-MMWA claim to satisfy the jurisdictional amount required for an MMWA claim. Mishra, 2017 WL 994868, at *2. Thus, in Mishra, the court could

---

[3] Schimmer v. Jaguar Cars, Inc., 384 F.3d 402, 406 (7th Cir. 2004).

7

not consider the plaintiff's request for punitive damages in his MMPA claim to satisfy the MMWA's jurisdictional amount. Id.

However, a court may consider a request for punitive damages under the MMWA in the calculation of the jurisdictional amount for that claim if an award of punitive damages is permitted under state law for a related claim. Mishra, 2017 WL 994868, at *3 (citations omitted). Unlike the plaintiff in Baker v. Auto Stop, Inc., No. 4:12-CV-00244, 2012 WL 3762047, at *2 (E.D. Mo. Aug. 29, 2012), whose allegations of willful, wanton and malicious conduct by the defendant were incorporated into each count of the complaint, the plaintiff in Mishra did not request an award of punitive damages for his MMWA claim. Under Missouri law, a plaintiff may recover punitive damages for breach of warranty if the defendant's conduct "amounts to an independent, willful tort and there are proper allegations of malice, wantonness, or oppression ..." Id. (quoting Peterson v. Continental Boiler Works, Inc., 783 S.W.2d 896, 903 (Mo. 1990)).

The supplementary authority provided by BMW, Johns-Pratt v. BMW of N. Am., LLC, No. 3:18-cv-01799 (VLB) (D. Conn. Apr. 21, 2020), is not persuasive. In that case, the court concluded that the plaintiff had not alleged any conduct on BMW's part that might allow the Court to award punitive damages. Here, the Court has found that Plaintiffs sufficiently alleged BMW acted intentionally and willfully and with disregard for their safety – conduct for which punitive damages may be awarded under Missouri law. The Court finds no inconsistency with the relevant case law and thus no basis for reconsidering its decision to consider Plaintiffs' request for punitive damages in the calculation of the jurisdictional amount for their MMWA claim.

As for BMW's remaining two arguments, the Court previously found that BMW's reliance on Kelly Blue Book for the present value of Plaintiffs' vehicles failed to account for any diminished value resulting from the alleged oil consumption defect. The Court also expressed

8

concern over BMW's proposed methodology for calculating the value Plaintiffs received from the use of their vehicles, a concern that other district courts have shared. See Grover, 434 F. Supp.3d at 627-28; Carroll, 2019 WL 2059619, at *5.

BMW argues the Court erred by focusing on just one of the two calculations it submitted using the formula from Schimmer, 384 F.3d at 406, and Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 956 (7th Cir. 1998).[4] While the first calculation assumed a vehicle in "Excellent" condition, and resulted in an amount in controversy of $0, the second calculation assumed a present value of $0, which BMW argues addresses the Court's concern. BMW further argues the Court erred by suggesting the "offset for use" factor should not be included in the Schimmer/Gardynski-Leschuck formula. Unlike in Schimmer, where the parties did not offer any evidence related to "offset for use," here, BMW contends the factor is determinative of the jurisdictional question given that the subject vehicles had relatively low present values (due to age and mileage) and relative high "offset for use" (for the same reasons).

These arguments are the same ones BMW raised in support of its original motion to dismiss and rejected by this Court. A motion for reconsideration is not a vehicle for setting forth arguments that were made earlier in the proceedings. See Broadway, 193 F.3d at 989-90. The Court finds no grounds for reconsidering its holding that BMW has failed to demonstrate to a legal certainty that Plaintiffs cannot meet the $50,000 jurisdictional amount under the MMWA.

Accordingly,

**IT IS HEREBY ORDERED** that BMW of North America, LLC ("BMW")'s Motion to Dismiss Plaintiffs' Complaint [41] is **DENIED.**

---

[4] The Schimmer/Gardynski-Leschuck formula for calculating damages under the Act is: "the price of a replacement vehicle, minus both the present value of the allegedly defective vehicle and the value that the plaintiff received from the use of the allegedly defective vehicle."

9

**IT IS FURTHER ORDERED** that BMW of North America, LLC ("BMW")'s Motion to Reconsider [42] is **DENIED**.

Dated this 28th day of August, 2020.

```
                    _____
                    JOHN A. ROSS
                    UNITED STATES DISTRICT JUDGE
```