UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KERRY LOY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. 4:19-CV-00184 JAR |
| ) | |
| ) | |
| BMW OF NORTH AMERICA, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel Responses and Production of Documents. (Doc. No. 65). The motion is fully briefed[1], and oral argument by video-conference was held on May 19, 2021.

Plaintiffs seek to compel the production of four categories of records: (1) documents and materials previously produced by BMW in a companion N63 case, Schneider, et al v. BMW of North America, LLC, No: 1:18-cv-12239-IT (D. Ma.) (the "Schneider Discovery"); (2) presentation materials relating to N63 engine oil consumption; (3) certain documents produced by BMW in the class action litigation, Bang, et al. v. BMW of N. Am. LLC, et al., Case No. 2:15-cv-06945 (D. N.J.); and (4) emails relating to N63 engine oil consumption concerns. Plaintiffs contend this discovery is relevant as it relates to the defective N63 engines and BMW's knowledge and failure to disclose N63 engine defects.

In response, BMW has offered to produce everything it produced in the Schneider case, as it has done in other similar cases, on the condition that the same discovery parameters apply.

---

[1] Plaintiffs have filed notices of supplemental authority (Doc. Nos. 74, 77), which the Court has also considered.

(Doc. No. 69 at 2). As for the presentation materials, BMW states there are no such materials to produce. (Id.). Regarding the Bang documents and the emails, BMW argues that these categories of documents are not only irrelevant to Plaintiffs' individual, contract-based claims, but also overly broad and unduly burdensome given the lack of evidence that either Plaintiff's vehicle had an oil consumption defect within the warranty period. (Id. at 4). That said, BMW states it is ready to produce in this case the eight emails produced in Schneider. (Id. at 12).

Upon consideration, the Court finds the disclosures made by BMW in Schneider should also be made in this case as they appear to be reasonably calculated to lead to relevant information. The Court can determine issues of admissibility later. Likewise, the Court finds Plaintiffs are entitled to the requested Bang documents, namely, the Technical Training Manual for N63 Engine (3/1/2011); Individual Customer Warranty/Goodwill Records Data (Oil Consumption); and Customer Service Request Details of Individual Customers (Oil Consumption). Courts have ordered these documents produced in similar cases, finding no undue burden on BMW.

BMW appears to contend that the merits of its case render Plaintiffs' discovery requests irrelevant. But "Rule 26(b)(1) does not give any party 'the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case,' because '[l]itgation in general and discovery in particular … are not one sided.'" Liguria Foods, Inc. v. Griffith Labs., Inc., 320 F.R.D. 168, 183 (N.D. Iowa 2017) (quoting Sentis Grp., Inc. v. Shell Oil Co., 763 F.3d 919, 925 (8th Cir. 2014)). See also A.O.A. v. Rennert, No. 4:11CV44 CDP, 2017 WL 5478409, at *4 (E.D. Mo. Nov. 15, 2017) (whether a party's information is sufficient to prove its theory of the case is not a determination to be made on a motion to compel); Carboline Co. v. A-1 Indus. Maint., Inc., No. 4:19 CV 1721 CDP, 2020 WL 3605295, at *3 (E.D. Mo. July 2, 2020) ("during the discovery process, [the Court is] guided by Rule 26(b)(1) and not by

whether any party will prevail on their claims or defenses in this action."). The scope of discovery is determined by the claims pled. Here, Plaintiffs expressly claim the defect in valve stem seals caused excessive oil burn, that BMW was aware of the defect, and took steps to conceal it. The Schneider Discovery and Bang documents are relevant to those claims.

The Court further finds Plaintiffs' request for all emails relating to N63 engine oil consumption concerns is clearly overbroad. Therefore, except for the eight emails BMW previously produced in Schneider, Plaintiff's motion will be denied as to the requested emails. As for the presentation materials, BMW will be ordered to produce those materials if they exist. The Court notes that BMW has indicated it will provide an affidavit in support of its assertion that no such materials exist.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to compel [65] is **GRANTED** in part and **DENIED** in part in accordance with the rulings herein.

**IT IS FURTHER ORDERED** that **no later than June 4, 2021**, the parties shall meet and confer to reach an agreement on how production of the Schneider Discovery and Bang documents will be made, the specific details of the scope of production, and the time frame for production.

Dated this 25th day of May, 2021.

*[signature: John A. Ross]*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

3