UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KERRY LOY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. 4:19-CV-00184 JAR |
| ) | |
| ) | |
| BMW OF NORTH AMERICA, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Contempt and Sanctions (Doc. No. 88) and Motion to Remove the "Confidential" Designation from Certain Documents Produced by Defendant (Doc. No. 90). The motions are fully briefed and ready for disposition.[1]

**Motion for contempt and sanctions**

In August 2020, Plaintiffs served a request for production of documents on BMW seeking, among other things, documents relating to oil consumption concerns in vehicles with N63 engines of the same make, model, and year as the Plaintiffs' vehicles. On September 8, 2020, Plaintiffs' counsel deposed BMW employee James Morgan in a related case. It was Morgan's testimony that during a conference in Las Vegas, Nevada in 2018, BMW held a workshop for dealers and BMW employees and presented information on N63 oil consumption issues. Plaintiffs took the position that these presentation materials fell under their production requests Nos. 2, 3, 4 and 22 and moved to compel production. (Doc. No. 66). BMW represented there were no such materials to produce. In ruling on Plaintiffs' motion, this Court ordered

---

[1] BMW's motion to file its response to Plaintiffs' motion to remove the confidential designation from certain documents under seal (Doc. No. 98) is **GRANTED** for good cause shown.

1

BMW to produce the presentation materials if they exist, noting that BMW had indicated it would provide an affidavit in support of its assertion that no such materials exist. (Doc. No. 78).

Over the next several months, Plaintiffs inquired about the status of the production of the presentation materials or an affidavit and was told by BMW that a declaration had been prepared but was awaiting Morgan's signature. Plaintiffs filed the instant motion for contempt and sanctions on July 26, 2021, seeking an order striking BMW's affirmative defenses and awarding Plaintiffs their costs and fees incurred in bringing the motion for BMW's repeated failure to comply with this Court's order. BMW responded to Plaintiffs' motion by submitting 14 slides presented at the 2018 Las Vegas Conference related to oil consumption in N63 engines. BMW designated the slides "Confidential." (Doc. No. 104, 104-1). In reply, Plaintiffs argue that BMW's conduct is not an isolated incident, but rather part of a larger pattern, practice and litigation strategy BMW has employed in other N63 engine defect cases. (Doc. No. 89 at 3) (citing cases).

It is clear to the Court that BMW has been less than forthcoming in matters of discovery in this case, first by representing that the presentation materials did not exist and that an affidavit attesting to that fact was forthcoming, and then by inexplicably producing those materials months later and only in response to Plaintiffs' motion for contempt. The Court is reluctant to order that BMW's affirmative defenses be stricken, believing that a Rule 37(b) sanction striking affirmative defenses should only be imposed in strictly limited circumstances, see Dependahl v. Falstaff Brewing Corp., 653 F.2d 1208, 1213 (8th Cir. 1981), but will reserve ruling on Plaintiffs' request for their fees and costs associated with bringing their initial motion to compel and the instant motion for sanctions.

Plaintiffs have also asked the Court to remove the confidential designation from the presentation materials on the grounds that the information contained therein does not qualify for

2

protection under the stipulated Protective Order or applicable law because the slides do not contain trade secrets or other research, development, or commercial information the disclosure of which would work a clearly defined and very serious injury to BMW. Plaintiffs contend the diagnostic and repair procedures discussed in these slides have long been publicized by BMW through publicly available service information bulletins and through a class action settlement in Bang. Plaintiffs further contend that "dozens, and possibly hundreds" of conference attendees, including non-BMW employees, saw the presentation materials, thus negating BMW's claim that they contained trade secret or other sensitive research, development, or commercial information.

Protective orders regarding the confidentiality of discovery materials are governed by Fed. R. Civ. P. 26(c), stating *inter alia*, that the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Rule 26(c)(7) states that the court may order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." The Confidentiality Orders entered in this case (Doc. Nos. 59, 80) stipulate a procedure for challenging the designation of documents as "confidential" by applying for a ruling from the Court. Per the express terms of the Confidentiality Orders, the burden to establish the confidential nature of the document is on the producing party, here BMW.

In order to determine whether the information contained in the presentation slides produced by BMW qualifies for protection under the stipulated Protective Order, the Court will direct BMW to submit these slides to the Court for its *in camera* review.

**Motion to remove "confidential" designation**

Plaintiffs also seek an order removing the "Confidential" designation from the following documents produced by BMW:

3

    1.  Documents bate-stamped BMWNA BANG 10889-11058_Redacted, which comprise 170 pages of individual customer warranty/goodwill records data relating to oil consumption ("Bang Warranty/Goodwill Records"), which BMW designated "CONFIDENTIAL" pursuant to a Stipulation and Confidentiality Order (Doc. No. 59) entered in this case; and

    2.  Documents bate-stamped AGA 064-68 and AGA 140-141, comprised of six (6) email communications between BMW and AGA Tools & Products, Inc. ("AGA") about development of a valve stem seal replacement tool for BMW's N63 engine ("AGA Records"), which BMW designated "CONFIDENTIAL" pursuant to a Confidentiality Order Concerning Third-Party Discovery (Doc. No. 80) entered in this case.

Plaintiffs have filed these documents under seal for the Court's review. (Doc. Nos. 99-1, -2).

Plaintiffs contend these documents and the information contained therein do not qualify for protection under the terms of the Confidentiality Orders, which apply to "trade secrets, customer information, and valuable research, development, commercial, financial, technical, an/or proprietary information, which is generally unavailable in the public domain," and "which may be confidential or otherwise protected from disclosure under federal or state law," and "for which special protection is warranted." To the contrary, Plaintiffs state the information in the Bang documents consists of "vehicle identification numbers, the vehicle's year, make and model, date of repair, defect description, cause description, complaint description, corrective measure taken, total dollar amount paid in connection with such repair and the introduction and use of certain tools and repair procedures." As for the AGA documents, Plaintiffs assert the tools and repair procedures developed by AGA have been public since May 2015, when BMW released the information to its dealers in a publicly available Service Information Bulletin.

BMW opposes the motion, arguing that Plaintiffs agreed any documents produced by AGA would be deemed "confidential" pursuant to a third-party protective order. (Doc. No. 80). Regarding the Bang documents, BMW argues that Plaintiffs provide no good reason why the

4

same documents classified and produced as "Confidential" in <u>Bang</u> should not be classified and produced as "Confidential" in this case.

Based on the current record before the Court, and after careful consideration of the Protective Orders in this case (Doc. No. 59, 80) and the related litigation nationwide, the Court finds it both reasonable and appropriate that the <u>Bang</u> Warranty/Goodwill Records and AGA records continue to be subject to the confidential designation under the Protective Orders, as such records were produced to Plaintiffs on their acknowledgement and tacit agreement that such documents would be subject to a protective order. Regarding the <u>Bang</u> records specifically, Plaintiffs represented that "there is already a confidentiality order in this matter (Doc. No. 59), and hence all the documents in <u>Bang</u> which are confidential in nature will continue to have protections from public disclosure in this current action." (Doc. No. 66 at 11). They cannot now argue to the contrary. As this litigation progresses, the Court will continue to evaluate whether the confidential designation as to these categories of documents is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Contempt and Sanctions [88] is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that <u>**within ten (10) days of the date of this Order**</u>, BMW shall produce the presentation materials from the Las Vegas Conference to the Court for its *in camera* review.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remove the "Confidential" Designation from Certain Documents Produced by Defendant [90] is **DENIED.**

Dated this 2nd day of September, 2021.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

5