**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KERRY LOY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:19-CV-00184 JAR |
| ) | |
| BMW OF NORTH AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Leave to File an Amended Answer to Plaintiffs' Complaint. (Doc. No. 136). Plaintiffs oppose the motion. (Doc. No. 146).

**Background**

The background of this case has been set out in detail in the Court's previous orders. Briefly, Plaintiffs Loy and Blumeyer each purchased BMW vehicles from BMW authorized dealers between 2012 and 2013. On February 6, 2019, Plaintiffs filed their complaint alleging "[t]he subject vehicles are all equipped with the N63 engine." (Doc. No. 1 at ¶ 31). The general nature of Plaintiffs' claims is that their vehicles' N63 engine had a defect that caused it to burn an excessive amount of engine oil and that BMW was aware of this defect, failed to disclose it, and failed to repair it as required by warranty. On September 10, 2020, BMW filed its answer to Plaintiffs' complaint admitting the allegations in paragraph 31. (Doc. No. 55 at ¶ 31). BMW now requests leave to amend its answer to paragraph 31 to plead: "BMW NA admits that K. Loy Vehicle has an N63 engine, but denies that F. Blumeyer Vehicle has an N63 engine as that vehicle has an N63T engine."

BMW bases its proposed amendment on the discovery by its expert Terry Hutchinson that the Blumeyer vehicle had an N63T engine, and not an N63 engine. According to Hutchinson's August 2021 expert report, the N63T engine is not considered the same engine as the N63 and is unrelated to the Bang class action specific to vehicles with N63 engines which Blumeyer opted out of. BMW asserts that it determined the need to amend its answer to conform with the facts of the case after reviewing Plaintiffs' response to its motion for summary judgment, filed on December 9, 2021, wherein Plaintiffs noted that BMW had "admitted" in its answer that Blumeyer's vehicle had an N63 engine. (Doc. No. 125 at 2-3). BMW maintains it acted without delay by filing its motion on January 20, 2022, and that Plaintiff will not be prejudiced by this "pro forma" amendment because Hutchinson disclosed the fact that the vehicle in question had an N63T engine in his report and because Plaintiffs had the opportunity to depose him on that fact. (See Doc. No. 136-4 at 22:25-23:13; 95:20-96:8).

Plaintiffs urge the Court to deny BMW's motion because it has not been diligent in meeting the deadlines set forth in the Court's scheduling order and because such an amendment is highly prejudicial to them. They argue that because they relied on BMW's admission and structured all of their discovery in the case to elicit information about the N63 type engine, they will now need to conduct discovery on the N63T engine. Plaintiffs also cite to an identical N63 engine defect case, Harris v. BMW of North America, LLC, No. 4:19CV16 AL (E.D. Tex. Jan 6, 2022), in which the district court denied BMW leave to amend its answer – filed on the eve of trial – to plead that the vehicle at issue had an N63T engine as opposed to an N63 engine.

**Discussion**

Rule 15(a) provides that a "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, a court may deny leave

to amend "only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Hillesheim v. Myron's Cards and Gifts, Inc., 897 F.3d 953, 955 (8th Cir. 2018); see also Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir. 2001).

However, when a party seeks to amend a pleading after the deadline in the applicable case management order, Rule 16(b) requires "a showing of good cause." Kmak v. American Century Cos., Inc., 873 F.3d 1030, 1034 (8th Cir. 2017) (quoting Williams v. TESCO Servs., Inc., 719 F.3d 968, 977 (8th Cir. 2013)). "Good cause requires a change in circumstances, law, or newly discovered facts." Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012)). "The primary measure of good cause is the movant's diligence." Kmak, 873 F.3d at 1034 (quoting Harris v. FedEx Nat'l LTL, Inc., 760 F.3d 780, 786 (8th Cir. 2014)). If good cause is established, a court will then consider whether amendment is proper under Rule 15(a). Petcare Co. v. The Blue Buffalo Co., Ltd., No. 4:14–CV–859 RWS, 2016 WL 4272241, at *2 (E.D. Mo. Aug. 12, 2016) (citing Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008)). Whether to grant a motion for leave to amend is within the discretion of the district court. Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008); Nadist, LLC v. Doe Run Res. Corp., No. 4:06CV969 CDP, 2009 WL 3680533, at *1 (E.D. Mo. Oct. 30, 2009).

After careful consideration, the Court concludes that BMW has failed to establish good cause under Rule 16(b). BMW presumably learned of the factual basis for its proposed amendment when it was identified by BMW's own expert in his August 23, 2021 report. (Doc. No. 136-2). Nevertheless, BMW waited until January 20, 2022 to seek leave from this Court, two months after filing its motion for summary judgment, which is now fully briefed, and three months after the close of discovery on October 18, 2021, thereby exhibiting a lack of diligence.

Furthermore, as noted by Plaintiffs, BMW's own corporate designee, Senior Product Engineer Michael Murray, previously testified in another N63 case that the key defect at issue in this case – the faulty valve stem seals – are identical in both N63 and N63T engines and that BMW's service information bulletins and reports dealing with oil consumption apply equally to both types of engines. (See Doc. No. 127-2 at 23:20-24:9). Therefore, it appears that any distinction between the two engines is one without a difference.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Leave to File an Amended Answer to Plaintiffs' Complaint [136] is **DENIED.**

Dated this 9th day of February, 2022.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**